Daniel Hoffman, J.
Morty Manford, a member of the Gay Activist Alliance (hereinafter referred to as G. A. A.), has made an application to this court for the issuance of a criminal complaint against David McCormack, a Battalion Chief of the New York City Fire Department, charging him with violations of section 120.00 and/or section 240.25 of the Penal Law arising out of incidents which allegedly occurred on April 15,1972 at the New York Hilton Hotel and during an “ Inner Circle Dinner. ”
Briefly, the facts are that during the course of the dinner, Mr. Manford and other members of the G. A. A. entered the dining room and distributed leaflets to the guests at their tables. This resulted in the forcible expulsion of the G. A. A. members. Mr. Manford alleges that he was beaten and kicked by one Michael Maye and by a “ bald-headed man, ’ ’ which resulted in injuries to his person.
*54 Prior to the present application, the District Attorney presented Mr. Manford’s charges to the “ Second May 19, 1972 Grand Jury. ’ ’ After hearing testimony, the Grand Jury ordered an Information, charging harassment (Penal Law, § 240.25), to be filed against Mr. Maye and dismissed all charges against Mr. McC-ormack. Mr. Maye was tried on the harassment charge and was! acquitted. Mr. McCormack testified at that trial, during whi rh time Mr. Manford recognized him to be the ‘ bald-headed man. ” Thereafter Mr. Manford sought to have the District Attorney file assault charges against Mr. McCormack. The District Attorney declined to do so. Mr. Manford appeared in Pait 7 of this court and brought the present application for a criminal complaint against Mr. McCormack.
Mr. Manford argues that since the “bald-headed man’s ” identity was unknown to him at the time he testified before the Grand Jury, the Grand Jury did not have all the evidence before it and that this court should order a complaint so that he might have ‘ ‘ his first day in court against Mr. McCormack. ’ ’
In the interest of justice and upon my own initiative, I have examined portions of the Grand Jury minutes, and am satisfied that the Grand Jury had no doubt but that McCormack and the ‘ ‘ bald-headed man ’ ’ was the one and same person. Furthermore, while the caption of the order of dismissal, No. 3094/72, is entitled “ The People of the State of New York against John Doe et ah, ” the order itself specifically states that after hearing witnesses who testified to an alleged assault and harassment upon Morty Manford by David McCormack, the proceedings are dismissed.
Mr. Manford thus had his day in court against Mr. McCormack. He had the evidence heard and considered by the Grand Jury, and after hearing all the evidence, the Grand Jury could have handed down an indictment, directed the District Attorney to file a prosecutor’s information, or dismissed the charges (CPL 190.60).
Mr. Manf ord now seeks to have this court override the action of the Grand Jury, disregard its findings, and subject Mr. McCormack to new criminal charges based on the same facts..
The District Attorney has the duty to conduct all prosecutions for crimes committed in the county in which he is elected (County Law, § 700). A criminal action may be commenced by the filing of an accusatory instrument with a local criminal court (CPL 100.05) or by the District Attorney submitting to a Grand Jury any available evidence concerning an offense prosecutable in the courts of the county (CPL 190.55, subd. 2, par. [c]). A Grand *55 Jury may hear and examine evidence concerning the alleged commission of any offense prosecutable in the courts of this county, whether it be a felony, misdemeanor, or violation (CPL 190.55, subds. 1, 2).
The District Attorney has seen fit, in the exercise of his discretion, to present the case directly to the Grand Jury.
When the Grand Jury examined the charges, the proceedings were then in the Supreme Court (CPL 190.05; People v. Field, 15 N. Y. S. 2d 561 [1939] ; People ex rel. Van Der Beek v. McGloskey, 18 A D 2d 205 [1st Dept., 1963]). Unless the Grand Jury directs the District Attorney to file a prosecutor’s information in the Criminal Court, the case remains in the Supreme Court. Wh.en the Grand Jury dismissed the case, then the Supreme Court in the proper case, may direct a resubmission (CPL 190.75, subd. 3). The Supreme Court having once properly acquired jurisdiction, this court is thereby precluded from taking jurisdiction over any offense arising out of the facts for which the Grand Jury might have indicted but did not.
The application for a complaint against David McCormack is denied.